REC'D IN PRO SE OFFICE
FEB 16 '24 PM I:09

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SERENA A MAY

_____

_____

*(Write the full name of each plaintiff who is filing this
complaint. If the names of all the plaintiffs cannot fit in
the space above, please write "see attached" in the space
and attach an additional page with the full list of names.)*

-against-

Alan Weinreb, Lance
Margolin, US BANK
Perrick Miles, Hon Clinton) @the
civil court

*(Write the full name of each defendant who is being sued.
If the names of all the defendants cannot fit in the space
above, please write "see attached" in the space and attach
an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **24cv1229-HG-LB**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes   ☐ No
              *(check one)*

SERENA A. MAY
167 38 109 ~d
JAMAICA NY 11432

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     Alan Wanreb
Street Address     165 Eileen way
City and County     Syosset    Nassau
State and Zip Code     NY 11791
Telephone Number
E-mail Address

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name     Lance Margolin
Job or Title (if known)     ? Debt collector
Street Address     165 Eileen way
City and County     Syosset
State and Zip Code     NY 11791
Telephone Number
E-mail Address (if known)

Defendant No. 2

Name     Hon Clinton J Guthrie
Job or Title (if known)
Street Address     89-11 Sutphin Blvd
City and County     JAMAICA NY 11432

2

State and Zip Code

Telephone Number

E-mail Address

(if known)

*Guida JR Edward*

*718 779 - 2134*

Defendant No. 3

Name

Job or Title

(if known)

Street Address City

and County State

and Zip Code

Telephone Number

E-mail Address

(if known)

*Guida JR Edward*

*marshall ?*

*47-26 - 104th street*

*Queens*

*NY 11368*

*718 779 - 2134*

Defendant No. 4

Name

Job or Title

(if known)

Street Address City

and County State

and Zip Code

Telephone Number

E-mail Address

(if known)

*Kenneth flickering*

*? DeBt colleeteR*

*165 cilearway*

*Nassau, New york*

*11791*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

3

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.   **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*14 Amendmant, 5th Admenlmint Due process rights violated, I was refused entry to the Court, Home was Talken without Allowing me to defend myself.*

B.   **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* _SERENA A MAY_ is a citizen of the State of *(name)* _N.Y_____

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _~~~~_____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* _Alan Weinreb_, is a citizen of the State of *(name)* _New york____. Or is a citizen of *(foreign nation)* _____

4

b.   If the defendant is a corporation

The defendant, *(name)* _Lance Margolin_, is incorporated under the laws of the State of *(name)* _New York_, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _Margoline and wemreß grov_

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy   $ 44,000.00

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Defendant(s) went put name on Deed and Took out mortgage

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1ᵗᵗ   ~~Defenda~~ The Defendant(s) Took property with Cort help, my Due Process was violated I was in Jail Held, Defendant Lance Margolin put in A Answering motion for Plaintiff Plaintiff was in Jail, Federal court Sent out Notice to Defendant(s) and counsl(s) to stay Court proceedings, LANCE Margolin was the defendant in a prior Lawsuite And was Aware "plaintiff" was in Jail. Defendant(s) AJan weinreb and Lance Margolin put in A Answering motion As though I was there

Con't.   then Clinton J Guthre Arrested me in his Court Room

## IV.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Return my Home with Title return all position, Allow plaintiff to enter court Fight for her Home, Rebuke All claims By defendant(s) $60.000, Return

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/16 , 2023

Signature of Plaintiff _____

Printed Name of Plaintiff _____

6

2桥

Aug 2nd 2019 to stop me from defending
myself. While in Jail, defendant(s) held
A Bench Trial. putting in answers with
Counter claim. plaintiff SERENA A. MAY
was NOT present.

I have been Denied entry FOR
7 years. The sheriff And Honor
Clinton J Guthrie Both sued plaintiff
in 2019, Both Guida JR. EDwards.
And Clinton J Guthrie, Allan margolin
lane hemreb went into my Home
today And removed all my posisions

The Civil Court would not let my
file motions, Denying. Supreme cart
Held a Hearing, without notifying
me, without Filing a Appeal
in 30 days. Just Simply Violated
my Due process Right to Trial,
Right to confront.

my memorandum of LAW is
Attached. . Refusing To respect
Tracy Fox NO Standing.
wrong name on eviction

Exhibits

Supreme Court

1   Summary of case

2   memorandum of LAW

3   Exhibit complaint to court

4   MUD Hudson where I was
    being HELD

#5   US Bank withdraw

#6   order from Honor Bloom
     To STAY

7#   Home paid in Full

2 ## exhibit

## Certification

**STATE OF NEW YORK, COUNTY OF QUEENS, SS:**

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County,

do hereby certify that on April 19, 2021 I have compared

the document attached hereto,

**10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015 page(s) 1-10.**

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

*Audrey I Pheffer*

AUDREY I. PHEFFER
QUEENS COUNTY CLERK

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-FF10,

                    Plaintiff,

          -against-

SERENA A. MAY a/k/a SERENA MAY,
ENVIRONMENTAL CONTROL BOARD,
"JOHN DOE #1-10" AND "JANE DOE #1-10",
the names John Doe and Jane Doe being
fictitious, their identities being unknown to the
Plaintiffs, it being the intention of Plaintiff to
designate any and all unknown persons, including,
but not limited to the tenants, occupants, corporations,
and judgment creditors, if any, holding or claiming
some rights, title, interest or lien in or to the
mortgaged premises herein,

                    Defendants.

-------------------------------------------------------------------X

**FILED**

**SEP 29 2015**

**COUNTY CLERK**
**QUEENS COUNTY**

Index No. 10623/2012

MEMORANDUM REPORT
AFTER TRIAL

BY:   TRACY CATAPANO-FOX
       COURT ATTORNEY
       REFEREE

DATED: SEPTEMBER 11, 2015

     By order of the Honorable Martin Schulman, this matter was referred to me to hear and report

all issues. I hereby make the following findings of essential fact which I deem established by the

evidence and reach the following conclusions of law, for the review and determination of assigned

Justice Oren Kitzes.

     Plaintiff commenced this action on May 18, 2012, for a judgment of foreclosure and sale due

to defendant's default on a residential home mortgage and note for the property located at 167-38

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

109th Road, Jamaica, NY. The trial was held on April 13, 2015 and May 18, 2015, after which I render the following report.

<u>Findings of Fact</u>

Plaintiff presented one witness, Gabriel Ruzzi, during trial. Mr. Ruzzi testified that he has been a bankruptcy and foreclosure specialist for Select Portfolio Servicing (hereinafter referred to as "SPS") for three and one-half years. Mr. Ruzzi stated that SPS is plaintiff's servicing company and attorney-in-fact, and presented a power of attorney dated October 17, 2008, admitted into evidence, from plaintiff to SPS. The power of attorney authorizes SPS to service the loan and represent the trust, and was recorded on July 28, 2010. Mr. Ruzzi presented the original note between defendant and First Franklin, A Division of Nat. City Bank of In., dated August 17, 2005, in the amount of $304,000, on the residential property located at 167-38 109th Road, Jamaica, NY 11433. The terms of the note set forth a 7% adjustable interest rate for a 30-year term, with a 3 year interest only period. Mr. Ruzzi also presented the mortgage on the above mentioned property, recorded with the NYC Department of Finance, Office of the City Register on September 15, 2005. The mortgage was between defendant and First Franklin, signed by defendant on August 17, 2005, and notarized before recording.[1] Mr. Ruzzi testified that defendant's loan is in default, and that there have been no payments made by defendant to plaintiff. Mr. Ruzzi presented a screen shot of SPS's file that demonstrates the loan is in default. Mr. Ruzzi then presented the notice of default dated July 26, 2011, and the 90-day notice dated May 26, 2011, both of which were sent to defendant by SPS,

---

[1]It is noted that during the trial, plaintiff presented a copy of the mortgage for admission as plaintiff's exhibit #3 for identification only. However, plaintiff subsequently presented the original mortgage documents which were admitted into evidence as plaintiff's exhibit #7.

Printed: 4/19/202

and testified as to the mailing practices of SPS that resulted in these notices being mailed to defendant.

Defendant presented her own testimony as evidence during trial.[2]  Defendant testified that she had a mortgage with Bank of America on the above-mentioned property in the amount of $304,000.  She presented a letter from Bank of America, dated August 2, 2011, stating that effective October 1, 2008, the loan with account number 23511736, on the above-mentioned property, was paid in full.  However, defendant presented no evidence that she possessed a loan on the above property with Bank of America, other than the letter.  Defendant stated that she began receiving calls from SPS seeking payment of the mortgage, but she had no knowledge nor received any documents from SPS indicating that they were servicing her home loan.  Defendant contacted Bank of America, who suggested she seek a validation of debt from SPS to support its claim.  Defendant repeatedly requested the validation of debt, but did not receive it from SPS.  Instead, SPS sent her a letter stating that it was looking into her request and would respond to her issues.  However, defendant received no response and no confirmation that SPS was authorized to collect on a mortgage.  Defendant also presented a wire transfer from the law firm of Lowenthal and Kaufman to Bank of America in the amount of $305,000, which referenced defendant's name and the date of transfer of

---

[2]Defendant sought an adjournment in order to obtain subpoenas for witnesses to testify from plaintiff's prior law firm and from the U.S. Securities and Exchange Commission.  No other witnesses were called, but defendant obtained a judicial subpoena calling for plaintiff's trial counsel Kenneth Flickinger to testify.  At one point, defendant sought the testimony of attorney Lowenthal, who defendant alleged improperly transferred funds by wire, but Mr. Lowenthal did not appear in court.  Plaintiff's counsel moved to quash the subpoena for his testimony, arguing that he is not a fact witness and was not given an opportunity to argue against the issuance of the subpoena.  Defendant failed to present sufficient grounds to warrant Mr. Flickinger to be called as a witness, and at some point in the trial, there appears to be confusion with regard to the discussion of Mr. Lowenthal or Mr. Flickinger.  However, the referee clearly intended to state that Mr. Flickinger would not have to testify and granted plaintiff's motion to quash.

3

funds as August 22, 2005. Defendant stated that she is not familiar with Mr. Lowenthal and did not authorize a wire transfer. Defendant also testified that plaintiff's subsequent law firm mailed documents to her by US Postal Services, but that the package was stolen and removed by Federal Express. She further stated that she contacted a title company, who performed a search on her property but did not find any liens or loans on the above property. Finally, defendant presented for admission into evidence a pooling and servicing agreement dated October 1, 2005, from the U.S. Securities and Exchange Commission, titled First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10. Defendant alleges that her loan was bought and incorporated into this pooling and servicing agreement, as indicated in the caption of this case under plaintiff's name. Defendant testified that she is unfamiliar with SPS or US Bank, and never had a loan with either of them. She maintained that her sole mortgage on the property was with Bank of America, and that said loan was paid off according to Bank of America. She stated that she made numerous attempts to obtain a validation of debt from plaintiff and SPS, but to no avail.

While they were not admitted into evidence, the referee takes notice that the pleadings were filed with the County Clerk's Office, and there were three substantive court orders in this matter. By court order dated May 17, 2013, the case was released from the foreclosure settlement conference part, because defendant indicated her intent to litigate this matter. By court order of the Honorable Oren Kitzes, dated May 14, 2014, defendant's motion to dismiss for lack of standing was denied, and Judge Kitzes determined that plaintiff proved it was the holder of the note endorsed in blank. Finally, by court order of Judge Kitzes dated February 25, 2015, defendant's motion for sanctions and contempt was denied and discovery was closed.

Upon the conclusion of evidence, defendant moved to dismiss plaintiff's Complaint for lack

10023/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

of standing and fraud upon the court, as well as conspiracy, tampering with the transcript, fraud in the factum, mail fraud and wire fraud. Defendant objected to the trial being heard by a referee rather than a Supreme Court justice. Defendant alleges fraud on the court because she argues that MERS cannot file foreclosure cases in New York, and that there is no proof the note in question was transferred to SPS or assigned by Fannie Mae. Defendant also argues that the July 28, 2010, power of attorney from US Bank to SPS is illegal because the originator is no longer in business. Further, defendant argues that plaintiff's witness Mr. Ruzzi's testimony should be stricken, because he had no license as a bankruptcy or foreclosure specialist and that he did not work for SPS when the note was originated. Defendant argues that her home loan was held by Bank of America, who notified her by letter dated August 2, 2011, that the loan was paid in full. Defendant does not claim that she paid the loan in full, but that Bank of America declared the loan satisfied, and therefore any claim by plaintiff is fake and fraudulent. Defendant argues that all of the mortgage recordings in the NYC Department of Finance Register's Office are fake and fraudulent. She repeatedly asked plaintiff for a validation of debt, which plaintiff refused to provide. Plaintiff's wire funding sheet which transferred $305,000 is improper, as it was made without defendant's consent. Further, defendant argues that the pooling and servicing agreement does not allow plaintiff as trustee to foreclose on the note. She states that the pooling and servicing agreement converted the loan from UCC 9 to UCC 3, then former Secretary of the Treasury Hank Paulson converted it to UCC 9, and based upon Article 2 and 8 of the pooling and servicing agreement, the investors gave up all rights to foreclose on the included mortgages in order to collect dividends on the investment. Finally, defendant argues that she should have been permitted to call Steven Lowenthal, who improperly transferred funds by wire in her name. She also argues that she should have been able to question plaintiff's trial counsel

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

Kenneth Flickinger, as she obtained a subpoena from the Honorable Jeremy S. Weinstein seeking his appearance. Based upon the above, defendant argues this matter should be dismissed.

Plaintiff opposed defendant's motion and seeks a judgment in its favor, striking defendant's Answer and for a referee to be appointed to compute. Plaintiff argued that the issue of standing was previously determined in plaintiff's favor by court order of the Honorable Oren Kitzes, dated May 14, 2014, and therefore defendant cannot reargue plaintiff's standing to proceed. Defendant never presented proof of her requests for validation of the debt, only a letter from plaintiff purportedly responding to issues presented by defendant at some unknown date. Plaintiff also argues it that met its burden of proving defendant defaulted on her mortgage, and that plaintiff provided all applicable notices to defendant before seeking a judgment of foreclosure. Plaintiff finally argues that defendant failed to prove the loan was satisfied, as the letter from Bank of America does not reference the specific loan, agreement, or amount in dispute. Plaintiff also is not required to validate the debt, and defendant's documentary evidence does not prove the note and mortgage were canceled upon securitization. Finally, plaintiff seeks a contempt hearing to address the unprofessional communications made by defendant to plaintiff prior to the first day of trial by telephone. Therefore, plaintiff argues that defendant's motion to dismiss should be denied and plaintiff is entitled to a judgment in its favor.

## Conclusions of Law

For plaintiff to present a *prima* *facie* proof of entitlement to judgment as a matter of law, it must present the mortgage and unpaid note, and evidence of defendant's default. (*See Loancare v. Firshing*, 2015 NY Slip Op. 06118 [2nd Dept. 7/15/2015].) A plaintiff may demonstrate that it is the

6

Printed: 4/19/2021

holder or assignee of the note by showing either a written assignment of the note or the physical delivery of the note. (*HSBC Bank USA, N.A. v. Roumiantseva*, 2015 NY Slip Op. 06315 [2nd Dept. 7/29/2015].) Physical delivery of the note to the plaintiff by its owner prior to the commencement of the action may, in some circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose. (*Aurora Loan Servs, LLC v. Taylor*, 25 NY3d 355 [2015].) However, transfer of the mortgage without the debt is a nullity, and no interest is acquired by it because the mortgage is merely security for the debt or obligation and cannot exist independently of the debt or obligation. (*See id.*; *Bank of N.Y. v. Silverberg*, 86 AD3d 274 [2nd Dept. 2011].)

The facts of this case are very similar to that in *Aurora v. Taylor, supra*. In that case, Deutsche Bank was the trustee of a pooling and servicing agreement, of which the defendant Taylors' loan was included. Deutsche Bank gave Aurora a limited power of attorney to execute documents related to loan modification and foreclosure. As trustee, Deutsche Bank became the owner of the note through an allonge indorsing the note to Deutsche Bank, in accordance with the pooling and servicing agreement. The allonge showed the chain of ownership from the originating mortgagee through indorsements ultimately leading to Deutsche Bank. However, defendants argued that plaintiff did not have proper standing to commence the foreclosure action.

The Court of Appeals in *Taylor* found that Aurora had standing to foreclose because it presented the pooling and servicing agreement authorizing Deutsche Bank as the lawful owner of the note, and the limited power of attorney from Deutsche Bank as trustee authorizing Aurora to foreclose on the trust's behalf. Further, Aurora presented an affidavit from someone with personal knowledge stating the date in which it took possession of the note, and affirmed it was prior to the commencement of the action. For those reasons, the Court affirmed the determination that plaintiff

7

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015

had standing to foreclose.

These facts differ sharply from those presented in the current matter. At trial, plaintiff submitted a power of attorney authorizing SPS to act as attorney-in-fact for US Bank. However, plaintiff never presented testimony or documentary evidence to support its claim that it was in possession of the note prior to the commencement of the action. (*See Flagstar Bank, FSB v. Anderson*, 129 AD3d 665 [2nd Dept. 6/3/2015].) While Mr. Ruzzi testified that SPS was in possession of the original note signed by defendant, he failed to provide any testimony as to when or how said note came into SPS' possession. He also failed to delineate the chain of title of the note from First Franklin to US Bank, and ultimately SPS. Further, while the power of attorney references the authority provided to SPS in accordance with the pooling and servicing agreement, Mr. Ruzzi testified he had no knowledge of this agreement and could not explain its relevance to this action.

Now, plaintiff may argue that the issue of standing had been resolved by a prior court order issued by Judge Kitzes, and therefore it did not have to establish its legal authority to foreclose. However, Judge Kitzes merely determined that plaintiff possessed the note at the commencement of the action, based upon the paperwork submitted in opposition to defendant's motion to dismiss. Plaintiff did not make a summary judgment motion nor did it seek an order of reference, asking for a determination by the court that it had <u>prima facie</u> proof of entitlement to judgment. Judge Kitzes' decision did not determine as a matter of law whether plaintiff satisfied its burden of proof for judgment. In this matter, while plaintiff was able to admit into evidence the original note and mortgage, it did not provide any testimony or evidence to explain how the loan transferred from the original mortgagee to US Bank. It also failed to present testimony to demonstrate that defendant's loan was subject to the pooling and servicing agreement, which Mr. Ruzzi had no knowledge of, yet

Printed: 4/19/2021

is clearly indicated in the caption as the plaintiff in this matter for whom he testified.

It is also noted that attached to plaintiff's Summons and Complaint were exhibits that included assignments of the mortgage from First Franklin to First Franklin Financial Corporation, and then from First Franklin Financial Corporation to US Bank National Association, as trustee. Defendant repeatedly and vociferously denied obtaining a loan through plaintiff, and insisted her loan was with Bank of America. While she failed to present any evidence that her mortgage was held by Bank of America, the letter provided from Bank of America raised a sufficient defense that warranted plaintiff's presenting evidence that it was the proper holder of the note and mortgage. However, there were no assignments admitted during trial or incorporated into the pleadings that assigned the note from First Franklin to either First Franklin Financial Corporation or US Bank National Association. Without competent, admissible proof that the note was assigned, mere possession of the original note is insufficient to meet plaintiff's prima facie burden of proof at trial.

Further, while the notice of pendency states that the original mortgage was assigned by First Franklin to First Franklin Financial Corporation on December 2, 2005, and recorded on June 6, 2006, the assignment of mortgage was not presented during the trial or admitted into evidence. Further, the notice of pendency states that the mortgage was further assigned from First Franklin Financial Corporation to US Bank National Association, as trustees for the holder of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, on November 14, 2011, and recorded on January 26, 2012. However, these assignments of mortgage were not presented during the trial or admitted into evidence. Even assuming they were properly admitted as part of the notice of pendency and Complaint, it is the note, and not the mortgage, that is the dispositive instrument that conveys standing to foreclosure under New York law. (*See Taylor*, 25

9

## Fw: Activity in Case 1:21-cv-03586-KAM-LB May v. Levy et al Order on Motion to Reopen Case

From: Serena May (serenamay68@yahoo.com)

To:    merrickprint@yahoo.com

Date:  Friday, January 26, 2024 at 10:25 AM EST

STAYED

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "ecf_bounces@nyed.uscourts.gov" <ecf_bounces@nyed.uscourts.gov>
**To:** "nobody@nyed.uscourts.gov" <nobody@nyed.uscourts.gov>
**Sent:** Fri, Sep 23, 2022 at 10:50 AM
**Subject:** Activity in Case 1:21-cv-03586-KAM-LB May v. Levy et al Order on Motion to Reopen Case

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 9/23/2022 at 10:49 AM EDT and filed on 9/23/2022
**Case Name:**      May v. Levy et al
**Case Number:**      1:21-cv-03586-KAM-LB
**Filer:**
**Document Number:** No document attached

Docket Text:
**ORDER. By [34] motion filed September 22, 2022 (which was misfiled as a motion to reopen case), counsel for Nassau County Defendants advised the Court that Plaintiff has been found competent to stand trial and released from the custody of the Commissioner of the New York State Office of Mental Health. Counsel requests that the Court lift the stay imposed on June 15, 2022.**

**Counsel also attached to the motion a September 22, 2022 email communication from Plaintiff, in which Plaintiff writes, "I agree with the fi[n]dings of the.... Report [a]nd Recommendation," (ECF No. [34-1]), which the Court construes as stating that Plaintiff does not object to Magistrate Judge Bloom's Report and Recommendation, dated April 15, 2022. (ECF No. [23].)**

**Based on the foregoing, the stay is lifted, and the Court grants Plaintiff until October 24, 2022 to file any response(s) to the objections filed by the Nassau County Defendants,**

LT-050111-19/QU   (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS vs. (R) SERENA A. MAY

| | |
|---|---|
| 08/26/2019 | Warrant (Original Issuance), Seq A, Judgment Seq 1, Ordering Judge: Maria Ressos, Issued/Signed Date: 10/25/2019, Issuance: Stayed - Stip/Order, Execution: Stayed - Stip/Order, Earliest Execution Date: 09/06/2019, Enforcement Agency: Marshal of the City of New York, Enforcement Officer: Guida Jr., Edward F. |
| 08/26/2019 | Judgment with Possession (Inquest), Seq 1, Filed Date: 08/26/2019, Total Judgment: $.00, Entered Date: 08/26/2019, Status: Entered (08/26/2019), Creditor(s): (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS, Debtor(s): (R) "Jane" "Does"; (R) "John" "Does"; (R) MS. MAY; (R) SERENA A. MAY |
| 10/22/2019 | Marshal's Request for Warrant, Reviewed Date: 10/25/2019, Enforcement Agency: Marshal of the City of New York, Enforcement Officer: Guida Jr., Edward F. |
| 02/17/2022 | Ordered to Proceed as E-Filed Case, Filed By: (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS |
| 03/28/2022 | Motion (General), Seq 1, Court Date(s): 08/03/2022; 07/14/2022; 06/07/2022, Filed By: (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS, Relief: Enforce, Status: Decided (09/16/2022, Granted to Extent per Order, Enedina Pilar Sanchez) |
| 04/01/2022 | Miscellaneous - NOTICE OF MOTION FILED, Filed By: (R) SERENA A. MAY |
| 09/16/2022 | Decision From Judge - Motion Seq. 1 Granted A/P/O |
| 09/23/2022 | Motion (Order to Show Cause), Seq 2, Court Date(s): 12/05/2022; 11/02/2022; 10/13/2022, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (10/12/2023, Denied, Enedina Pilar Sanchez) |
| 11/15/2022 | Answer Filed (Self Represented), Written, Filed By: (R) SERENA A. MAY |
| 10/12/2023 | Decision From Judge |
| 10/20/2023 | Phone or In Person Communication |
| 11/13/2023 | Motion (Order to Show Cause), Seq 3, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/13/2023, Withdrawn, Clinton J. Guthrie) |
| 11/16/2023 | Motion (Order to Show Cause), Seq 4, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/16/2023, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 11/16/2023 | Motion (Order to Show Cause), Seq 5, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/16/2023, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 11/17/2023 | Motion (Order to Show Cause), Seq 6, Court Date(s): 11/27/2023, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Decided (11/27/2023, Granted to Extent per Order, Clinton J. Guthrie) |
| 11/29/2023 | Motion (General), Seq 7, Court Date(s): 01/17/2024; 01/03/2024, Filed By: (R) SERENA A. MAY, Relief: Request for Recusal, Status: Decided (01/17/2024, Denied, Clinton J. Guthrie) |
| 01/17/2024 | Motion (Order to Show Cause), Seq 8, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (01/17/2024, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 01/22/2024 | Motion (Order to Show Cause), Seq 9, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (01/22/2024, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 01/25/2024 | Motion (Order to Show Cause), Seq 10, Filed By: (R) SERENA A. MAY, Relief: Vacate Judgment - Failure to Appear, Status: Filed (01/25/2024, OSC Denied - No Calendar Date, Clifton A. Nembhard) |
| 01/26/2024 | Motion (Order to Show Cause), Seq 11, Filed By: (R) SERENA A. MAY, Relief: Dismiss, Status: Filed |
| 01/26/2024 | Motion (Order to Show Cause), Seq 12, Filed By: (R) SERENA A. MAY, Relief: Dismiss, Status: Filed (01/26/2024, OSC Denied - No Calendar Date, Clifton A. Nembhard) |

## APPEARANCE ACTIVITY

| | |
|---|---|
| 01/23/2019 | Part A - UA, Judge: Lydia C. Lai, Purpose: For All Purposes, Outcome(s): Adjourned: 02/13/2019 |

This report reflects information recorded as of 02/07/2024 02:54 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

LT-050111-19/QU   (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS vs. (R) SERENA A. MAY

| | |
|---|---|
| 02/13/2019 | Part A - UA, Judge: Lydia C. Lai, Purpose: For All Purposes, Outcome(s): Adjourned: 03/22/2019 |
| 03/22/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Adjourned: 05/17/2019 |
| 05/17/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Adjourned: 07/02/2019 |
| 07/02/2019 | Part X, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Rescheduled: 07/02/2019 |
| 07/02/2019 | Part Q, Judge: Joel R. Kullas, Purpose: Trial: Bench, Outcome(s): Adjourned: 08/02/2019 |
| 07/02/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Rescheduled: 07/02/2019 |
| 08/02/2019 | Part Q, Judge: Joel R. Kullas, Purpose: Trial: Bench, Outcome(s): Rescheduled: 08/02/2019 |
| 08/02/2019 | Part P, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Adjourned: 08/26/2019 |
| 08/26/2019 | Part P, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Rescheduled: 08/26/2019 |
| 08/26/2019 | Part O, Judge: Maria Ressos, Purpose: Trial: Bench, Outcome(s): Judgment with Possession, with Warrant, Issuance Stayed per Stipulation/Order, Execution Stayed per Stipulation/Order, Earliest Execution Date 09/06/2019 (based on Inquest) |
| 06/07/2022 | Part HMP, Judge: Jeannine B. Kuzniewski, Purpose: Motion (1) - Enforce, Outcome(s): Adjourned: 07/14/2022 |
| 07/14/2022 | Part O, Purpose: Motion (1) - Enforce, Outcome(s): Rescheduled: 08/03/2022 |
| 08/03/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (1) - Enforce, Outcome(s): Submitted |
| 10/13/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Adjourned: 11/02/2022 |
| 11/02/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Adjourned: 12/05/2022 |
| 12/05/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Reserved Decision |
| 11/27/2023 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (6) - Stay Eviction, Outcome(s): Granted to Extent per Order |
| 01/03/2024 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (7) - Request for Recusal, Outcome(s): Rescheduled: 01/17/2024 |
| 01/17/2024 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (7) - Request for Recusal, Outcome(s): Denied |

This report reflects information recorded as of  02/07/2024 02:54 PM.  Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

Page 3 of 3

# 10623 / 2012

*(handwritten in left margin: 1st Exhibit)*

Opened: **5/18/2012** Type: **Mortgage Foreclosure**

**US BANK NATIONAL ASSOCIATION AS TRUSTEE.....** vs. **MAY, SERENA A. A/K/A SERENA MAY, ENVIRONMENTAL CONTROL BOARD**

Atty: **DOONAN,GRAVES & LONGORIA LLC**      Atty:

| Filed | Actions | RecRoom |
|---|---|---|
| 10/11/2022 | AFFTS,UNSIGNED ORDER TO SHOW CAUSE-JUDGES MEMO SEQUENCE #9 | 10/11/2022 |
| 9/27/2022 | ORDER TO SHOW CAUSE N/F | 9/27/2022 |
| 1/14/2021 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 1/14/2021 |
| 11/4/2019 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 11/4/2019 |
| 5/22/2019 | NOTICE OF APPEAL, COPY FORWARDED TO APP. DIV. - CI | 5/22/2019 |
| 12/18/2018 | MEMO DECISION MOTION SEQUENCE #7 | 12/18/2018 |
| 12/18/2018 | AFFTS,NOTICE OF MOTION | 12/18/2018 |
| 12/4/2018 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 12/4/2018 |
| 12/3/2018 | AFFTS,UNSIGNED ORDER TO SHOW CAUSE-JUDGES MEMO SEQUENCE #8 | 12/3/2018 |
| 11/13/2018 | ORDER TO SHOW CAUSE N/F | 11/4/2019 |
| 7/20/2018 | AFFTS,NOTICE OF MOTION FEE PAID | 11/4/2019 |
| 7/20/2018 | AFFIDAVIT OF SERVICE | 7/20/2018 |
| 6/27/2018 | REFEREES REPORT OF SALE | 6/27/2018 |
| 5/21/2018 | AFFIDAVIT OF PUBLICATION | 5/21/2018 |
| 4/11/2018 | PAPER FILED - MEMORANDUM AFTER TRIAL | 4/11/2018 |
| 4/4/2018 | RECEIVED PAPERS | 4/4/2018 |
| 4/4/2018 | AFFTS,NOTICE OF MOTION SEQUENCE #6 | 4/4/2018 |
| 4/4/2018 | ORDER SIGNED SEQUENCE #6 | 4/4/2018 |
| 1/22/2018 | COPY OF JGT W/ NOTICE OF ENTRY W/ AFFT OF SERVICE | 1/22/2018 |
| 1/2/2018 | JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF WAIVED [SEQ NO. 5] | 1/2/2018 |
| 9/14/2017 | AFFTS,NOTICE OF MOTION FEE PAID | 11/4/2019 |
| 6/8/2017 | AFFTS,NOTICE OF MOTION SEQUENCE #5 | 6/8/2017 |
| 6/8/2017 | ORDER SIGNED SEQUENCE #5 | 6/8/2017 |
| 6/8/2017 | RECEIVED PAPERS | 6/8/2017 |
| 6/8/2017 | AFFIDAVIT OF SERVICE | 6/8/2017 |
| 2/2/2017 | AFFIDAVIT OF SERVICE | 2/2/2017 |
| 1/13/2017 | LIS PENDENS B 10187 L 14 | 1/17/2017 |
| 1/10/2017 | AFFTS,NOTICE OF MOTION FEE PAID | 1/10/2017 |
| 11/22/2016 | PAPER FILED - REFEREE'S REPORT OF AMOUNT DUE | 11/23/2016 |
| 11/22/2016 | PAPER FILED - REFEREE'S OATH | 11/22/2016 |
| 8/12/2016 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 8/12/2016 |
| 6/16/2016 | AFFTS,ORDER(REFERENCE & AMENDMENT) - SEQ. # 4 | 6/16/2016 |
| 5/10/2016 | RECEIVED PAPERS | 5/10/2016 |
| 5/10/2016 | AFFTS,NOTICE OF MOTION | 5/10/2016 |
| 5/10/2016 | ORDER SIGNED | 5/10/2016 |
| 3/25/2016 | AFFTS,NOTICE OF MOTION FEE PAID | 1/10/2017 |
| 10/13/2015 | RECEIVED PAPERS | 10/13/2015 |
| 9/29/2015 | PAPER FILED MEMORANDUM REPORT AFTER TRIAL | 9/29/2015 |
| 8/21/2015 | MINUTES | 8/21/2015 |
| 7/20/2015 | PAPER FILED - RESPONSE TO HEARING | 7/20/2015 |
| 7/20/2015 | AFFTS,NOTICE OF MOTION, N/F | 7/20/2015 |
| 7/17/2015 | PAPER FILED - AFFTS | 7/17/2015 |
| 3/6/2015 | ORDER SIGNED | 3/6/2015 |
| 3/6/2015 | AFFTS,NOTICE OF MOTION | 3/6/2015 |
| 3/6/2015 | AFFIRMATION IN OPPOSITION | 3/6/2015 |
| 3/6/2015 | AFFTS,NOTICE OF MOTION | 3/6/2015 |
| 3/6/2015 | RECEIVED PAPERS | 3/6/2015 |
| 1/20/2015 | RECEIVED PAPERS | 1/20/2015 |

*(handwritten note at bottom: NO APPEAL FILED.)*

| Date | Description | Date |
|---|---|---|
| 12/11/2014 | PAPER FILED - REPLY AFFIDAVIT | 12/11/2014 |
| 11/25/2014 | AFFIDAVIT OF SERVICE | 11/25/2014 |
| 11/6/2014 | AFFTS,NOTICE OF MOTION FEE PAID | 7/20/2015 |
| 9/23/2014 | AFFTS,NOTICE OF MOTION, N/F | 9/23/2014 |
| 9/8/2014 | ANSWER | 9/8/2014 |
| 8/28/2014 | AFFIDAVIT OF SERVICE | 8/28/2014 |
| 6/19/2014 | SUBSTITUTION OF ATTORNEY | 6/19/2014 |
| 6/19/2014 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 6/19/2014 |
| 6/6/2014 | PAPER FILED NOTICE OF ENTRY OF SHORT FORM ORDER | 6/6/2014 |
| 5/22/2014 | AFFTS,NOTICE OF MOTION | 5/22/2014 |
| 5/22/2014 | AFFTS,NOTICE OF MOTION | 5/22/2014 |
| 5/22/2014 | AFFIRMATION IN OPPOSITION | 5/22/2014 |
| 5/22/2014 | ORDER SIGNED | 5/22/2014 |
| 3/17/2014 | ORDER SIGNED POOR PERSON | 3/17/2014 |
| 3/17/2014 | AFFTS,NOTICE OF MOTION, N/F | 3/17/2014 |
| 3/5/2014 | ANSWER | 3/5/2014 |
| 3/4/2014 | NOTE OF ISSUE/CERTIFICATE OF READINESS | 3/7/2014 |
| 11/8/2013 | COMPLIANCE CONFERENCE ORDER | 11/8/2013 |
| 10/8/2013 | AFFIRMATION | 10/8/2013 |
| 8/2/2013 | PRELIMINARY CONFERENCE ORDER | 8/2/2013 |
| 7/15/2013 | BILL OF PARTICULAR | 7/15/2013 |
| 6/10/2013 | ORDER SIGNED | 6/10/2013 |
| 5/16/2013 | ANSWER , COUNTERCLAIM | 5/16/2013 |
| 4/4/2013 | LETTER | 4/4/2013 |
| 3/22/2013 | RESPONSE | 3/22/2013 |
| 3/14/2013 | REQUEST FOR JUDICIAL INTERVENTION | 3/19/2013 |
| 12/4/2012 | AFFIRMATION | 12/4/2012 |
| 7/17/2012 | RECEIVED PAPERS | 7/17/2012 |
| 6/4/2012 | AFFIDAVIT OF SERVICE | 6/4/2012 |
| 5/30/2012 | AFFIDAVIT OF SERVICE | 5/30/2012 |
| 5/29/2012 | ANSWER | 5/29/2012 |
| 5/18/2012 | LIS PENDENS B 10187 L 14 | 5/21/2012 |
| 5/18/2012 | SUMMONS & VERIFIED COMPLAINT | 5/21/2012 |

**Total: 81**

3#

your Clerks In Room     are responsible

for all the Fake Foreclosure evictions,

they molested and kidnapped "SERENA MA

Took me to Eastchester County,

Exhibit (1) Judge said "he was ashan

of your Clerk(s)! they are writting

bogus motion(s) "SERENA MAY WAS In JAI

when Judge and proceeding where

Taking place "Violation of due process

court and Judge have all proof of

FRAUD for profit (Federal Court, has case)

SERENA A. MAY IS MY Name Not

SERENE MAY (Tampering)"

Honor Hershey Lord Discharged

Chapter 7, (U.S. BANK withdrew)

9 of 10

plate #
1581

TRying To break in
my Home, is this John and
his supervisor, FINANce departme
Say " they don't KNOW either

Your court has a order A
Lady, Plaintiff Seen her in
Court, Need to file a ucc1
and enjoin her in the Federal
court. Honor Lois Bloom.

thank you and have a

Serena May

Please Cease From my
Property 16738 109 rd
JAMAICA New York 11433



Form 324 1/85, 4/03, 1/11, 3/11, 10/13, 03/14     OMH – PHI     FILE IN SECTION I     **State of New York**
**Office of Mental Health**

### Record System Notification

### (Patient Resource System)

## MID-HUDSON FORENSIC PSYCHIATRIC CENTER

*May, Serena*                           *14850*

Article 6-A of the Public Officers Law, entitled the Personal Protection Law, requires that you be notified of the following information which will be maintained in a record system that is collected from you.

Section 43.05 of the Mental Hygiene Law grants the Commissioner of Mental Health or an authorized representative the authority to conduct a financial investigation on a person who applies for the reduction or waiver of fees on the ground of inability to pay.

Financial information is on file in a case record at the Patient Resource Office.  The maintenance of a Patient Resource record system allows the Office of Mental Health to carry out the following activities:

- Determine to what extent the patient and/or his/her liable relatives should be charged for services;
- Bill Medicare and/or other third party payers;
- Enroll a patient in the Medical Assistance (Medicaid) Program;
- Develop any benefits to which the patient may be entitled;
- Protect the patient's income and assets while he/she is an inpatient in an Office of Mental Health psychiatric center.

While failure to provide requested personal information will not jeopardize ability to receive treatment, the Office of Mental Health does have the authority to initiate court proceedings to compel disclosure of this information.

If you have any questions, please contact the Patient Resource Agent, who is responsible for the maintenance of these records.

Lochiel Phillips, Senior Agent
DEPARTMENT OF PATIENT RESOURCES
NYS-OMH   FINANCE 1ST FLOOR
44 Holland Avenue
Albany, NY  12229

*May, Serena*
_____
Patient's Name (Print)

_____                               *8/2/22*
Patient's Signature                               _____
                                                              DATE/TIME

**THIS NOTICE DESCRIBES HOW INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION ABOUT YOU MAY BE USED AND DISCLOSED AND HOW YOU CAN GET ACCESS TO THIS INFORMATION.  PLEASE REVIEW IT CAREFULLY.**

Original – UCR
Copy - Patient

Exhibit 7#



SHELDON MAY
& ASSOCIATES, P.C.
*Now you're assured.*

Ted Eric May, Esq.
MEMBER OF NEW YORK, NEW JERSEY, PENNSYLVANIA, FLORIDA AND D.C. BAR

March 9, 2020

Honorable Nancy Hershey Lord
US Bankruptcy Court
Eastern District of New York

Re:        Serena Antoinette May
Case No:   19-46761
Our File No.: 36900

Dear Honorable Nancy Hershey Lord,

Our Office represents US Bank National Association.  We filed a Proof of Claim on January 17, 2020, Claim Number 3.  We would like to withdraw the claim.

Thank you for your attention to this matter.

Sincerely,

Ted Eric May, Esq.

CC:  Serena A May
     167-38 109 Road
     Jamaica, NY 11433

     Marianne DeRosa, Trustee
     100 Jericho Quadrangle Suite 127
     Jericho, NY 11753

## CASE SUMMARY

| | |
|---|---|
| Court: | Queens County Civil Court |
| Index Number: | LT-050111-19/QU |

Petitioner(s):
  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE      PASS THROUGH CERTIFICATES, SERIES 2005-FF10

| | |
|---|---|
| Case Type: | Landlord and Tenant |
| Filed Date: | 01/03/2019 |
| Property Type: | Residential |
| Classification: | Holdover |
| Specialty Designation(s): | E-Filed; Foreclosure; UA ZIP |
| Status: | Post Disposition |

vs.

Respondent(s):
  SERENA A. MAY AKA SERENE   MAY;
  MS. MAY FIRST NAME REFUSED;
  "John" "Does";
  "Jane" "Does"

| | |
|---|---|
| Disposed Date: | 08/26/2019 |
| Disposed Reason: | Judgment with Possession, with Warrant, Issuance Stayed per Stipulation/Order, Execution Stayed per Stipulation/Order, Earliest Execution Date 09/06/2019 |

Cause(s) of Action:   Holdover

Property Address(es): 167-38 109TH  RD, Jamaica, NY 11433-

(P)    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS
      THE MARGOLIN & WEINREB LAW GROUP, LLP - 165  EILEEN WAY, Syosset, NY 11791, (516) 921-3838

(R)    SERENA A. MAY - 167-38  109TH  RD, Jamaica, NY 11433

(R)    MS. MAY - 167-38  109TH  RD, Jamaica, NY 11433

(R)    "John" "Does" - 167-38 109th Rd., Jamaica, NY 11433

(R)    "Jane" "Does" - 167-38 109th Rd., Jamaica, NY 11433

### PAPERS RECORDED

| | |
|---|---|
| 01/03/2019 | Petition by Attorney, Filed By: (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS |
| 01/29/2019 | Answer Filed (Self Represented), Written, Filed By: (R) SERENA A. MAY ✓ *NOT BY SERENA MAY* |
| 01/29/2019 *NOT* | Counterclaim Filed, Filed By: (R) MS. MAY; (R) SERENA A. MAY |
| 08/08/2019 | Miscellaneous - correspondence including papers from appellate court |
| 08/26/2019 | Decision, Seq 1, Result of: Courtroom, Judge/Arbitrator: Maria Ressos, Decision/Award: Judgment and/or Warrant |

This report reflects information recorded as of  01/23/2024 02:38 PM.  Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

LT-050111-19/QU  (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS vs. (R) SERENA A. MAY

| | |
|---|---|
| 08/26/2019 | Warrant (Original Issuance), Seq A, Judgment Seq 1, Ordering Judge: Maria Ressos, Issued/Signed Date: 10/25/2019, Issuance: Stayed - Stip/Order, Execution: Stayed - Stip/Order, Earliest Execution Date: 09/06/2019, Enforcement Agency: Marshal of the City of New York, Enforcement Officer: Guida Jr., Edward F. |
| 08/26/2019 | Judgment with Possession (Inquest), Seq 1, Filed Date: 08/26/2019, Total Judgment: $.00, Entered Date: 08/26/2019, Status: Entered (08/26/2019), Creditor(s): (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS, Debtor(s): (R) "Jane" "Does"; (R) "John" "Does"; (R) MS. MAY; (R) SERENA A. MAY |
| 10/22/2019 | Marshal's Request for Warrant, Reviewed Date: 10/25/2019, Enforcement Agency: Marshal of the City of New York, Enforcement Officer: Guida Jr., Edward F. |
| 02/17/2022 | Ordered to Proceed as E-Filed Case, Filed By: (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS |
| 03/28/2022 | Motion (General), Seq 1, Court Date(s): 08/03/2022; 07/14/2022; 06/07/2022, Filed By: (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS, Relief: Enforce, Status: Decided (09/16/2022, Granted to Extent per Order, Enedina Pilar Sanchez) |
| 04/01/2022 | Miscellaneous - NOTICE OF MOTION FILED, Filed By: (R) SERENA A. MAY |
| 09/16/2022 | Decision From Judge - Motion Seq. 1 Granted A/P/O |
| 09/23/2022 | Motion (Order to Show Cause), Seq 2, Court Date(s): 12/05/2022; 11/02/2022; 10/13/2022, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (10/12/2023, Denied, Enedina Pilar Sanchez) |
| 11/15/2022 | Answer Filed (Self Represented), Written, Filed By: (R) SERENA A. MAY |
| 10/12/2023 | Decision From Judge |
| 10/20/2023 | Phone or In Person Communication |
| 11/13/2023 | Motion (Order to Show Cause), Seq 3, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/13/2023, Withdrawn, Clinton J. Guthrie) |
| 11/16/2023 | Motion (Order to Show Cause), Seq 4, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/16/2023, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 11/16/2023 | Motion (Order to Show Cause), Seq 5, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Filed (11/16/2023, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 11/17/2023 | Motion (Order to Show Cause), Seq 6, Court Date(s): 11/27/2023, Filed By: (R) SERENA A. MAY, Relief: Stay Eviction, Status: Decided (11/27/2023, Granted to Extent per Order, Clinton J. Guthrie) |
| 11/29/2023 | Motion (General), Seq 7, Court Date(s): 01/17/2024; 01/03/2024, Filed By: (R) SERENA A. MAY, Relief: Request for Recusal, Status: Decided (01/17/2024, Denied, Clinton J. Guthrie) |
| 01/17/2024 | Motion (Order to Show Cause), Seq 8, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (01/17/2024, OSC Denied - No Calendar Date, Clinton J. Guthrie) |
| 01/22/2024 | Motion (Order to Show Cause), Seq 9, Filed By: (R) SERENA A. MAY, Relief: Restore to Calendar, Status: Decided (01/22/2024, OSC Denied - No Calendar Date, Clinton J. Guthrie) |

**APPEARANCE ACTIVITY**

| | |
|---|---|
| 01/23/2019 | Part A - UA, Judge: Lydia C. Lai, Purpose: For All Purposes, Outcome(s): Adjourned: 02/13/2019 |
| 02/13/2019 | Part A - UA, Judge: Lydia C. Lai, Purpose: For All Purposes, Outcome(s): Adjourned: 03/22/2019 |
| 03/22/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Adjourned: 05/17/2019 |
| 05/17/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Adjourned: 07/02/2019 |
| 07/02/2019 | Part X, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Rescheduled: 07/02/2019 |

This report reflects information recorded as of  01/23/2024 02:38 PM.  Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

LT-050111-19/QU   (P) U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS vs. (R) SERENA A. MAY

| | |
|---|---|
| 07/02/2019 | Part Q, Judge: Joel R. Kullas, Purpose: Trial: Bench, Outcome(s): Adjourned: 08/02/2019 |
| 07/02/2019 | Part A, Judge: Clinton J. Guthrie, Purpose: For All Purposes, Outcome(s): Rescheduled: 07/02/2019 |
| 08/02/2019 | Part Q, Judge: Joel R. Kullas, Purpose: Trial: Bench, Outcome(s): Rescheduled: 08/02/2019 |
| 08/02/2019 | Part P, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Adjourned: 08/26/2019 |
| 08/26/2019 | Part P, Judge: John S. Lansden, Purpose: Trial: Bench, Outcome(s): Rescheduled: 08/26/2019 |
| 08/26/2019 | Part O, Judge: Maria Ressos, Purpose: Trial: Bench, Outcome(s): Judgment with Possession, with Warrant, Issuance Stayed per Stipulation/Order, Execution Stayed per Stipulation/Order, Earliest Execution Date 09/06/2019 (based on Inquest) |
| 06/07/2022 | Part HMP, Judge: Jeannine B. Kuzniewski, Purpose: Motion (1) - Enforce, Outcome(s): Adjourned: 07/14/2022 |
| 07/14/2022 | Part O, Purpose: Motion (1) - Enforce, Outcome(s): Rescheduled: 08/03/2022 |
| 08/03/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (1) - Enforce, Outcome(s): Submitted |
| 10/13/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Adjourned: 11/02/2022 |
| 11/02/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Adjourned: 12/05/2022 |
| 12/05/2022 | Part O, Judge: Enedina Pilar Sanchez, Purpose: Motion (2) - Restore to Calendar, Outcome(s): Reserved Decision |
| 11/27/2023 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (6) - Stay Eviction, Outcome(s): Granted to Extent per Order |
| 01/03/2024 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (7) - Request for Recusal, Outcome(s): Rescheduled: 01/17/2024 |
| 01/17/2024 | Part O, Judge: Clinton J. Guthrie, Purpose: Motion (7) - Request for Recusal, Outcome(s): Denied |

This report reflects information recorded as of  01/23/2024 02:38 PM.  Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

Page 3 of 3

Serena A May
16738 109th Rd
Jamaica, NY 11433

*Been Paid off*

Notice Date: April 19, 2011

Account No.: 23511736

Property Address:
167 -38 109 Rd
Jamaica, NY 11433

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Effective 10/01/2008, the above-referenced loan number was paid in full.

**WHAT THIS MEANS**

Your loan with BAC Home Loans Servicing, LP no longer has a loan balance due. Typically, 1098 and 1099-INT year end statements are issued during the month of November, however if your loan was paid off in November or December, the statement will be generated by January 31st.

**THANK YOU FOR YOUR BUSINESS**

If you need further assistance, you may contact our Customer Service Department at (800) 669-6607.

Thank you for giving BAC Home Loans Servicing, LP the opportunity to serve your home loan needs.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

Please write your account number on all checks and correspondence

LOS 7268/10092 04/02/2007

Fw: Activity in Case 1:21-cv-03586-KAM-LB May v. Levy et al Order on Motion to Reopen Case

From: Serena May (serenamay68@yahoo.com)

To: merrickprint@yahoo.com

Date: Friday, January 26, 2024 at 10:25 AM EST

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "ecf_bounces@nyed.uscourts.gov" <ecf_bounces@nyed.uscourts.gov>
**To:** "nobody@nyed.uscourts.gov" <nobody@nyed.uscourts.gov>
**Sent:** Fri, Sep 23, 2022 at 10:50 AM
**Subject:** Activity in Case 1:21-cv-03586-KAM-LB May v. Levy et al Order on Motion to Reopen Case

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 9/23/2022 at 10:49 AM EDT and filed on 9/23/2022
**Case Name:** May v. Levy et al
**Case Number:** 1:21-cv-03586-KAM-LB
**Filer:**
**Document Number:** No document attached

Docket Text:
**ORDER. By [34] motion filed September 22, 2022 (which was misfiled as a motion to reopen case), counsel for Nassau County Defendants advised the Court that Plaintiff has been found competent to stand trial and released from the custody of the Commissioner of the New York State Office of Mental Health. Counsel requests that the Court lift the stay imposed on June 15, 2022.**

**Counsel also attached to the motion a September 22, 2022 email communication from Plaintiff, in which Plaintiff writes, "I agree with the fi[n]dings of the.... Report [a]nd Recommendation," (ECF No. [34-1]), which the Court construes as stating that Plaintiff does not object to Magistrate Judge Bloom's Report and Recommendation, dated April 15, 2022. (ECF No. [23].)**

**Based on the foregoing, the stay is lifted, and the Court grants Plaintiff until October 24, 2022 to file any response(s) to the objections filed by the Nassau County Defendants,**

about:blank

1/2

1/26/24, 10:36 AM        Yahoo Mail - Fw: Activity in Case 1:21-cv-03586-KAM-LB May v. Levy et al Order on Motion to Reopen Case

NYSCEF DOC. NO. 62     Case 1:24-cv-01229-HG-LB   Document 1   Filed 02/16/24   Page 33 of 34 PageID #: 33   01/26/2024

(ECF No. [24]), and the **Suffolk County Defendants**, (ECF No. [25]). Counsel for Nassau County Defendants is respectfully directed to serve copies of: (1) Judge Bloom's Report and Recommendation, (ECF No. [23]), (2) Nassau County Defendants' objections to the Report and Recommendation, (ECF No. [24]), (3) Suffolk County Defendants' objections to the Report and Recommendation, (ECF No. [25]), and (4) a copy of this Order, and note service on the docket. Ordered by Judge Kiyo A. Matsumoto on 9/23/2022. (Ahn, Lois)

**1:21-cv-03586-KAM-LB Notice has been electronically mailed to:**

Laurel R. Kretzing    lkretzing@nassaucountyny.gov, ncao@nassaucountyny.gov

Stacy A. Skorupa    stacy.skorupa@suffolkcountyny.gov, cheryl.darcangelo@suffolkcountyny.gov, courtalert@suffolkcountyny.gov, srmtort@gmail.com, stacy.martella@suffolkcountyny.gov, stacyannskorupa@gmail.com, susan.flynn@suffolkcountyny.gov

Serena A. May    serenamay68@yahoo.com

**1:21-cv-03586-KAM-LB Notice will not be electronically mailed to:**

PLAINTIFF
Weinreb group
Agent (s) were
Included, officers
worked FOR
Margolin
3
Weinreb group

FEDeral court

Judge Bloom
instructed
A STAY

# JEFFREY GRODER ESQ., PLLC

ATTORNEY AT LAW
114 OLD COUNTRY ROAD, SUITE 345
MINEOLA, NY 11501
Phone: (516) 248-8090
Fax: (516) 248-8089

September 23, 2022

Re: Serena May

To whom it may concern:

This office represents Serena May in a currently pending legal matter in Nassau County.

Please be advised that Ms. May was incarcerated from June 13, 2022 through and including August 31, 2022.

If any further information is required, please contact the undersigned

Sincerely,

Jeffrey Groder, Esq.